ORDERED.

Dated:  November 13, 2015

K. Rodney May
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re

BONNIE L. HIBBARD,                                    Case No. 8:12-bk-10473-KRM
                                                      Chapter 7

      Debtor.
_____/

CHRISTINE L. HERENDEEN, as Chapter 7                  Adv. No. 8:13-ap-00325-KRM
Trustee of the estate of BONNIE L.
HIBBARD,
      Plaintiff,

v.

GENERAL ELECTRIC CREDIT UNION,
an Ohio Credit Union,

      Defendant.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING,
IN PART, THE PLAINTIFF'S MOTION TO AWARD ATTORNEYS' FEES**

    This proceeding came on for hearing on October 21, 2014, on the Plaintiff's Motion to

Award Attorneys' Fees[1] (the "Motion") and the Defendant's response in opposition.[2]  The Court

_____

[1] Doc. No. 48.

heard arguments from both sides, and then took the Motion under advisement.  For the reasons set forth below, the Court will grant the Motion, in part, and award $19,800.00 in attorneys' fees and $1,092.95 in costs to the Plaintiff.

### *Background*

The Plaintiff, who is Ms. Hibbard's Chapter 7 Trustee, initiated this adversary proceeding on April 16, 2013.[3]  She alleged that the Defendant ("GECU") engaged in harassment of Ms. Hibbard while trying to collect $70,634.00 of debts, conduct which is prohibited by Florida Statute § 559.55, *et. seq.*, of the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227, *et. seq.*, of the Telephone Consumer Protection Act ("TCPA").  Specifically, the complaint alleged three FCCPA violations: (1) harassment or abusive conduct against the Debtor,[4] (2) claiming, attempting, or threatening to enforce a debt that is not legitimate,[5] and (3) contact with the Debtor after being informed that she had retained an attorney.[6]  The complaint also alleged one violation of the TCPA for willfully, knowingly, and intentionally making multiple calls to the Debtor's personal cell phone by automatic telephone dialing system after GECU was informed it did not have permission to call the Debtor.

The Plaintiff prevailed on one of her allegations under the FCCPA, resulting in an award of $1,000.00 in statutory damages, plus reasonable costs and attorneys' fees.[7]    This Court retained jurisdiction to decide the amount of fees and costs due to the Plaintiff.[8]

---

[2] Doc. No. 51.
[3] Doc. No. 1.
[4] Fla. Stat. § 559.72(7).
[5] Fla. Stat. § 559.72(9).
[6] Fla. Stat. § 559.72(18).
[7] Doc. No. 44.
[8] Doc. No. 44.

The Plaintiff subsequently requested an award of attorneys' fees of $28,963.00 and costs of $1,092.95, pursuant to Federal Rule of Bankruptcy Procedure 7054.[9]  GECU concedes the Plaintiff is entitled to an award of attorneys' fees in this matter, but objects to the amount requested.[10]  Both sides presented argument.  No expert testimony was provided.

With GECU's concession that the Plaintiff is entitled to an award of attorneys' fees, the Court has considered two other issues raised by the parties: whether the amount of attorneys' fees requested by the Plaintiff is reasonable and whether the Plaintiff may recover fees incurred while litigating for fees in this proceeding.  The Plaintiff bears the burden of establishing that she is entitled to recover fees and costs, and that the amount she requested is reasonable.[11]

*Analysis*

### I.    *The Reasonableness of the Amount Requests*

GECU asserts the numbers of hours billed are excessive and the hourly rate charge is not the appropriate rate citing a number of the "*Johnson* factors."[12]  GECU argues that the billable hours should be reduced by 76.4 hours for unnecessary or improperly charged work, that the billing rate should be reduced to $250.00 per hour, and that there should be an additional one-third downward adjustment to the lodestar figure based upon the limited success of the Plaintiff and the disproportionality of the damages awarded ($1,000) to the fees requested.

Florida courts accept the federal lodestar approach as the starting point for determining a reasonable fee award.[13]  To determine the lodestar—a presumptively reasonable amount—courts

---

[9] Doc. Nos. 48 and 46.
[10] Doc. No. 51.
[11] *Hensley v. Eckerhart*, 461 U.S. 424, 433-37, 103 S. Ct. 1933, 1939-41 (1983).
[12] Doc. No. 51 at 23.
[13] *Fla. Patient's Comp. Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla.1985), *modified by Standard Guar. Ins. Co. v. Quanstrom,* 555 So.2d 828 (Fla. 1990).

"multiply the attorney's reasonable hourly rate by the number of hours reasonably expended."[14] The Florida Supreme Court has determined the reasonableness of fee awards by applying the factors set forth in *Johnson v. Georgia Highway Express,*[15] but cautioning against overemphasis of the eighth *Johnson* factor—the amount of statutory damages recovered—in public policy enforcement cases.[16]   The arguments now before the Court speak predominantly to the first, second, third, fifth, and eighth *Johnson* factors.

As to the first, second and third factors, GECU argues that the fee award should reflect a reduced number of hours from 105.6 to 29.2—a reduction of 76.4 hours. Specifically, GECU asserts Plaintiff improperly billed for clerical tasks; improperly billed for excessive hours in filing the Complaint, in preparing the summary judgment motions and responses, and for drafting correspondence; and improperly billed for documents drafted, but not filed with the Court.

Fee applicants must exercise what the Supreme Court has termed "billing judgment."[17] That means they must exclude from fee applications any excessive, redundant, or otherwise unnecessary hours "that would be unreasonable to bill to a client and therefore to one's adversary

---

[14]  *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874, 879 (11th Cir.1990)(citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)).

[15]  *Johnson v. Ga. Highway Exp., Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), *modified in part by Blanchard v. Bergeron,* 489 U.S. 87, 92, 109 S.Ct. 939, 944 (1989)) (The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.).

[16] Cases arising under the FCCPA fall into the category of "public policy enforcement cases," in which "the primary purpose of [the] fee-authorizing statut[e] is to encourage individual citizens to bring civil actions that enforce statutory policy." *R. Martin Salzgeber, D.D.S., P.A. v. Kelly,* 826 So.2d 366, 367 (Fla. 2d DCA 2002). *See also Dish Network Serv. L.L.C. v. Myers,* 87 So.3d 72, 77–78 (Fla. 2d DCA 2012); *Quanstrom,* 555 So.2d at 833, 834  ("... the amount of damages recovered is not the controlling factor.")

[17] *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983).

*irrespective of the skill, reputation or experience of counsel.*"[18] If fee applicants do not exercise billing judgment, courts are obligated to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary." Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.[19]

The Court agrees with GECU that the hours billed are excessive. Although the Plaintiff asserts it did not bill for any legal secretary, legal assistant, or administrative or clerical time,[20] the Court finds that the invoice[21] contains several line items describing hours billed for work that appears to be secretarial, administrative, or clerical in nature. Further, the invoice reflects a redundancy of hours billed for review of the file, review of the facts, and review of the pleadings—by the same attorney reviewing the same materials numerous times and by more than one attorney reviewing materials already reviewed by another attorney.  Finally, the matters presented in this adversary proceeding are not novel issues of law and, even more, the Plaintiff's counsel has vast experience litigating these very issues.[22]

With respect to the fifth factor, the reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.[23] The party seeking attorneys' fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates,"

---

[18] *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (emphasis in original).
[19] *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)
[20] Doc. No. 49 at 3.
[21] Doc. No. 49-1.
[22] Plaintiff's counsel has represented Chapter 7 Trustees in numerous FCCPA adversary proceedings.  *See e.g. Brook v. Wells Fargo Bank, N.A.*, Case No. 8:13-ap-00074-KRM*; Meininger v. W.S. Badcock* Corporation, Case No. 8:12-ap-01175-MGW; *Meininger v. Shapers Family Fitness,* Inc.*,* Case No. 8:11-ap-00512-MGW.
[23] *Duckworth v. Whisenant,* 97 F.3d 1393 (11th Cir.1996); *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994).

which normally requires "more than the affidavit of the attorney performing the work."[24]  The court may consider direct evidence of rates for similar services or opinion evidence about rates.[25]

This Court recently approved attorney's fees at a blended hourly rate of $225.00 for the Plaintiff's counsel acting in the same capacity (as counsel for a Chapter 7 Trustee) in a nearly identical adversary proceeding (for recovery of damages for FCCPA violations).[26]  But, here, GECU posits that $250.00 per hour is reasonable so the Court will apply that figure in the instant case instead.

As to the eighth *Johnson* factor, GECU argued that the significant disparity between the statutory damages award and the fees requested warrant a substantial reduction. The Fifth District Court of Appeal considered this same argument in a case under the Florida Deceptive Trade Practices Act, concluding that "[t]his view should be completely rejected" as contrary to the public policy underlying the fee-authorizing provisions.[27]  The Supreme Court of Florida cited that opinion with approval and further warned lower courts that the amount of recovery is only one factor to consider in deciding the reasonableness of fees in a public policy enforcement case.[28]  While a significant disparity might call for an adjustment of fees in an FCCPA case, the important public policy of incentivizing enforcement of the statute should not be discouraged by denial of an award for counsel's legitimate effort.[29]  In this proceeding, the Court declines to limit Plaintiff's fee award solely because of the relatively small amount of statutory damages awarded.

---

[24] *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).
[25] *Stone v. Nat'l Enter. Sys.*, No. 608CV-1523-ORL-22GJK, 2009 WL 3336073, at *3 (M.D. Fla. Oct. 15, 2009)
[26] *In re Burdett*, 2015 WL 150848 (Bankr. M.D. Fla. 2015).
[27] *Quanstrom,* 555 So.2d at 833 (quoting *LaFerney v. Scott Smith Oldsmobile, Inc.,* 410 So.2d 534, 536 (Fla. 5th DCA 1982)).
[28] *Id.*
[29] *See In re Jones,* 494 B.R. 569, 574 (Bankr. M.D. Fla. 2013) (Williamson, J.).

After due consideration of all the *Johnson* factors, this Court concludes that the number of hours claimed by the Plaintiff is excessive, principally due to the improper inclusion of administrative, secretarial, and clerical work performed; the improper inclusion of duplicative work performed; and the absence of novel issues of law involved coupled with the Plaintiff's particular familiarity and experience with litigating the matters in issue in this adversary proceeding. To arrive at a reasonable number of hours, the Court may employ one of two methods: item-by-item or across-the-board reduction.[30] In this case, the Court will reduce the hours billed by the Plaintiff's attorneys by a 25% across-the-board reduction.

After weighing the arguments of the parties and considering the factors above, the Court determines that the appropriate blended hourly rate should be $250.00. The lodestar figure is the reduced number of hours (70.5)[31] multiplied by the blended hourly rate ($250.00), or $17,625.00. The Court further concludes that the circumstances of this case do not compel any further adjustment to the lodestar.

**II.     *Recovery of Fees-For-Fees***

GECU seeks further reduction in billable hours for the time Plaintiff's counsel spent establishing and defending her entitlement to fees as the prevailing party of the underlying litigation.[32]   Specifically, GECU seeks a reduction of the 11.6 hours billed to establish the amount of fees to which Plaintiff's counsel is entitled.

---

[30] *Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1351-52 (11th Cir. 2008) (finding that the district court's application of both an hour-by-hour analysis *and* an across-the-board reduction of requested compensable hours constituted an abuse of discretion because the Eleventh Circuit's precedent states that the district court is to apply either method, not both).

[31] The Court begins with the total billable hours in the amount of 94 which excludes the 11.6 hours billed for the Plaintiff's counsel defense of its fee award addressed below.

[32] Doc. No. 51 at 18.

The Court has already addressed and rejected this argument in previous decisions analyzing the very case law GECU cites in support of its position.[33]   Further, the Supreme Court's recent decision on the recoverability of attorney's fees for defending fee awards in *Baker Botts L.L.P. v. ASARCO LLC*[34] does not change the Plaintiff's entitlement to attorneys' fees incurred in the course of defending the fee award in the instant case.   In that case, the Supreme Court declined to award fees-on-fees under § 330(a)(1) of the Bankruptcy Code.   The FCCPA's language explicitly provides for the recovery of "court costs and reasonable attorney's fees incurred by the plaintiff."[35]   Therefore, the Plaintiff may also recover reasonable fees for litigating the amount of the fee award after August 8, 2014, when the Court entered its final order resolving the FCCPA claims.[36]

The Court finds, however, that the 11.6 hours billed for this work is excessive.   There was substantial attendant duplication of attorney time.   The Court will reduce the amount of hours by 25%, apply the blended rate of $250.00 and thus allow $2,175.00 in fees-for-fees to Plaintiff's counsel. Accordingly, it is

ORDERED:

1. The Plaintiff's Motion to Award Attorneys' Fees (Doc. No. 48) is granted, in part; and

---

[33] *In re Burdett*, 2015 WL 150848, at *4-5 (finding *State Farm Fire & Casualty Co. v. Palma*, 629 So. 2d 830 (Fla. 1993) does not govern the award of attorney's fees in FCCPA cases).

[34] 135 S. Ct. 2158, 192 L. Ed. 2d 208 (2015) (holding attorneys are not entitled to received fees for fee-defense litigation absent express statutory authorization finding such authorization to include express language authorizing the award of "a reasonable attorney's fee," "fees," or "litigation costs," and usually refer to a "prevailing party" in the contest of an adversarial "action").

[35] Fla Stat. § 559.77(2) (2014). The Eleventh Circuit has observed that federal statutory-fee shifting provisions ordinarily authorize "fees-on-fees" in *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 Fed. Appx. 543, 550 (11th Cir. 2007).   Although the FCCPA is a state statute and not a federal statute, this Court is of the opinion that the same rationale applies.

[36] Doc. No. 44.

2. GECU is directed to pay Plaintiff: (a) the sum of $19,800.00, being the award of fees herein, and (b) the sum of $1,092.95 in costs.

The Trustee Christine L. Herendeen is directed to serve a copy of this order on interested parties and file a proof of service within three days of the entry of the order.